UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE MOLINA, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>CHIMICHURRI CHICKEN CORP., d/b/a CHIMICHURRI CHARCOAL CHICKEN, and ZVIKA BEN YOSEF, individually, and DAVID BEN, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:** 22-cv-4127<br><br>Jury Trial Demanded |

JOSE MOLINA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against CHIMICHURRI CHICKEN CORP., d/b/a CHIMICHURRI CHARCOAL CHICKEN ("Chimichurri"), and ZVIKA BEN YOSEF ("Yosef"), individually, and DAVID BEN, individually, ("David," and together with Chimichurri and Yosef, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and other redress based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii)

the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (iv) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York corporation that operates at least three Nassau County-based restaurants, its owner and day-to-day overseer of all aspects of the business, Yosef, and the owner's son, who with his father, helps manage all aspects of one of the locations, David - - as a non-managerial kitchen employee at two of Defendants' locations, from the middle of July 2020 through the middle April 2021. As described below, throughout his employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout his employment, Defendants routinely required Plaintiff to work beyond forty hours in a workweek, but failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate of pay for the hours that he worked per week in excess of forty. Rather, Defendants paid Plaintiff a flat weekly salary that by operation of law compensated him for only his first forty hours of work each week, and therefore Defendants paid Plaintiff nothing for any of his hours worked in excess of forty in a week.

3. Defendants further violated the NYLL and the NYCRR by failing to provide Plaintiff with: spread-of-hours pay whenever his workday exceeded ten hours from start to finish;

any wage statement on each payday, let alone an accurate statement; and any wage notice at his time of hire, let alone an accurate notice.

4. Defendants paid and treated all of their non-managerial kitchen employees in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

9. At all relevant times, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times, Defendant Chimichurri was and is a New York corporation that is registered with the New York State Department of State to receive service of process c/o Leon Golden, CPA, at 1600 Sheepshead Bay Road, Brooklyn, New York 11235, and that maintains its principal place of business at 450 Rockaway Turnpike, Cedarhurst, New York 11516. Chimichurri operates at least three restaurants, one at that Cedarhurst address, one at 11 Old Country Road, Carle Place, New York 11514, and one at 3115 Long Beach Road, Oceanside, New York 11572.

11. At all relevant times, Defendant Yosef was and is the owner and general manager of Chimichurri, who in that role personally manages and oversees the operations at all three locations, is responsible for maintaining employment records for all employees, for hiring and firing employees, and who is ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked, including those matters with respect to Plaintiff. Defendant Yosef spends the majority of his working time at the Cedarhurst location, where he is directly responsible for determining employees' schedules, responsibilities, and paying the employees at that location.

12. At all relevant times, Defendant David, who is Defendant Yosef's son, was and is responsible for helping his father run all aspects of the business. David has the power to hire and fire employees, is responsible for directly supervising the work of employees, and on occasion is directly responsible for paying the employees.

13. At all relevant times, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Chimichurri's qualifying annual business has exceeded and exceeds $500,000.00, and Chimichurri was and is engaged in interstate commerce within the meaning of the FLSA, as it employed and employs two or more employees, operates a business that purchases numerous products that have moved across state lines, such as fountain soda and bottled and canned beverages, meats, and other ingredients for its menu options, and has accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moved across state lines, the combination of which subjects Chimichurri to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as non-managerial kitchen employees, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid

the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all relevant times herein, Defendants were and are aware of the requirement to pay their non-managerial kitchen employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so.  Indeed, Plaintiff lodged numerous complaints, specifically to Defendants Yosef and Ben, the latter of whom was Plaintiff's primary direct supervisor, that Defendants did not pay him for his overtime hours worked in accordance with the law, but Defendants continued not to pay him overtime.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek in excess of forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly-situated who, during the applicable limitations period, Defendants subjected to violations of the NYLL and the NYCRR.

19. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

20. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial kitchen employees, who during the applicable NYLL limitations period, performed any work for Defendants within the State of New York ("Rule 23 Plaintiffs").

Numerosity

21. During the previous six years, Defendants have employed at least forty employees who are putative members of this class.

Common Question of Law and Fact

22. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require Rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) whether Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether Defendants paid and pay Rule 23 Plaintiffs overtime wages at the rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a week; (5) whether Defendants paid and pay the Rule 23 Plaintiffs spread-of-hours pay for each day where their spread of hours worked exceeds ten from beginning to end; (6) whether Defendants failed and fail to furnish Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information that NYLL § 195(3) requires; (7) whether Defendants failed to furnish Rule 23 Plaintiffs with a wage notice at hire that accurately contains the information that NYLL § 195(1) requires; (8) whether Defendants kept and maintained accurate records of hours that Rule 23 Plaintiffs worked; (9) whether Defendants kept and maintained records with respect to the compensation that they paid to Rule 23 Plaintiffs for each hour worked; (10) whether Defendants have any affirmative defenses to any of Rule 23 Plaintiffs' claims; (11) whether Defendants' actions with respect to Rule 23 Plaintiffs were in

violation of the NYLL and the NYCRR; and (12) if so, what constitutes the proper measure of damages.

### Typicality of Claims or Defenses

23. As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCRR. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, and Defendants: did and do not pay them overtime wages for all hours that they work over forty in a week; and/or did and do not provide them with spread of hours compensation for all days where their spread of hours worked exceeded ten; and/or did and do not furnish them with an accurate wage statement on each payday or an accurate wage notice at hire. Plaintiff and Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and the NYCRR to be paid all of their earned overtime wages, to receive spread of hours compensation on the days that their spread of hours exceeds ten, and to be furnished with an accurate wage statement on each payday and an accurate wage notice at hire. Plaintiff and Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCRR. Plaintiff and Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

24. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime

wages at the rate of time and one-half his regular rate of pay for all hours worked over forty in a week, did not pay Plaintiff spread of hours pay of one hour at the minimum wage rate for each day where his spread of hours worked exceeded ten, and did not furnish Plaintiff with an accurate wage statement on each payday or an accurate wage notice at hire, which is substantially similar to how Defendants paid and treated and pay and treat the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint that pertain to him and that will be raised in the Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

26. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27. Any lawsuit brought by any non-managerial kitchen employee who worked for Defendants in New York would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

28. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

29. Defendant Chimichurri is a New York corporation that operates at least three restaurants that serve kosher chicken, located at: 450 Rockaway Turnpike, Cedarhurst, New York; 11 Old Country Road, Carle Place, New York; and 3115 Long Beach Road, Oceanside, New York.

30. Defendant Yosef is Chimichurri's owner and general manager, who personally manages and oversees the operations at all three locations. He retains ultimate responsibility and control over all aspects of the business including hiring and firing employees and determining employees' rates and methods of pay and hours worked.

31. Defendant David is Yosef's son, who is responsible for helping his father run all aspects of the business. David has the power to hire and fire all employees, directly supervises the employees work at the Carle Place and Cedarhurst locations, and on occasion is responsible for paying the employees on each payday at those locations.

32. Plaintiff worked for Defendants from the middle of July 2020 through the middle April 2021, at the Carle Place location, and occasionally at the Cedarhurst location, as a non-managerial kitchen employee.

33. As a non-managerial kitchen employee, Plaintiff's primary job duties consisted of preparing food, ensuring that orders went out in a timely manner, and maintaining the cleanliness of the kitchen.

34. Defendant Yosef hired Plaintiff, determined his rate of pay, set his schedule, and maintained, or should have maintained, his employment records.

35. Defendant David directly supervised Plaintiff's work at the Carle Place location.

36. Throughout Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, Sunday through Thursday from 10:00 a.m. to 10:00 p.m., and Friday from 10:00 a.m. to 4:00 p.m., most days without a scheduled or uninterrupted break during any of his shifts, and on rare days with a thirty minute break, for a total ranging from sixty-three to sixty-six hours per week.

37. Throughout Plaintiff's employment, Defendants paid Plaintiff a flat salary of $800.00 per week. Plaintiff's weekly salary, at all times, operated to cover only his first forty hours worked in a week. Thus, at no time during his employment did Defendants pay Plaintiff at any rate of pay, let alone at the rate of one and one-half times his regular rate of pay, for any hours that he worked over forty in a week.

38. Moreover, throughout Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did work, shifts that exceeded ten hours from start to finish, yet Defendants failed to provide Plaintiff with an additional hour of pay at the minimum wage rate for any of those days.

39. By way of example only, for the week of September 13 through September 19, 2020, Defendants required Plaintiff to work, and Plaintiff did work, a total of sixty-six hours, according to the following schedule, without any scheduled or uninterrupted breaks during any of his shifts:

> Sunday, September 13, 2020: 10:00 a.m. to 10:00 p.m.;
>
> Monday, September 14, 2020: 10:00 a.m. to 10:00 p.m.;
>
> Tuesday, September 15, 2020: 10:00 a.m. to 10:00 p.m.;
>
> Wednesday, September 16, 2020: 10:00 a.m. to 10:00 p.m.;
>
> Thursday, September 17, 2020: 10:00 a.m. to 10:00 p.m.;
>
> Friday, September 18, 2020: 10:00 a.m. to 4:00 p.m.; and
>
> Saturday, September 19, 2020; off.

In exchange for his work that week, Defendants paid Plaintiff his weekly salary of $800.00, which covered only his first forty hours of work, and thus Defendants paid Plaintiff nothing for any of the twenty-six hours that he worked in excess of forty for that week. In addition, for the five days

11

Case 2:22-cv-04127-JMA-JMW   Document 1   Filed 07/14/22   Page 12 of 18 PageID #: 12

that Plaintiff worked during this week where his shift exceeded ten hours from start to finish, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate.

40. Defendants paid Plaintiff on a weekly basis, in cash.

41. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked, his overtime rate and overtime wages owed, and his spread-of hours wages owed for that week.

42. Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately contained, *inter alia*, Plaintiff's regular and overtime rates of pay as designated by the employer.

43. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

44. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

45. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

46. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

48. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

49. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

50. Defendants willfully violated the FLSA.

51. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

52. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

55. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

56. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. NYLL § 652(1) and 12 NYCRR § 146-1.6 provide that an employee working in the hospitality industry shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

61. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are hospitality employees within the meaning of the NYLL and the NYCRR.

62. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### **FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

65. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

67. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

68. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage statement, let alone a statement that accurately contained the criteria that the NYLL requires.

69. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

70. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

72. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

73. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage notice at their time of hire, let alone a notice that accurately contained all of the criteria that the NYLL requires.

74. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

75. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

      b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

      c.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participating in any form in this litigation;

      d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e.      Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

      f.      All damages that Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

      g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      h.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
July 14, 2022

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
RYAN T. HOLT (5679741)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)